## STATE OF HAWAII, Plaintiff-Appellee *v*. MALU VAITOGI, Defendant-Appellant

NO. 6207

OCTOBER 17, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA,
MENOR and KIDWELL, JJ.

OPINION OF THE COURT BY RICHARDSON, C.J.

Defendant, Malu Vaitogi, appeals from the judgment of the district court of the first circuit, the Honorable James Y. Shigemura, judge, presiding, sentencing him to 25 days in Halawa Jail for two counts of assault in the third degree. HRS § 707-712 (1976 Repl.).

We reverse.

On May 12, 1976, appellant's counsel, on behalf of appellant, entered a plea of guilty to two counts of assault in the third degree and to two counts of contempt for previously failing to appear in court. The trial judge neither formally

acknowledged nor accepted appellant's guilty plea. The trial judge also failed to inquire as to whether appellant understood the ramifications of his plea. Instead, immediately after hearing appellant's guilty plea, the trial judge questioned the two complaining witnesses concerning the facts of the alleged assaults. The witnesses were not placed under oath and appellant was not given a chance to cross-examine them.[1] Appellant also was not given an opportunity to explain his version of the alleged assaults or to say anything in his behalf prior to being sentenced. On the basis of the testimony given by the two complaining witnesses the court determined that appellant was a "dangerous individual" and sentenced him to 25 days in Halawa Jail.[2] The sole issue[3] determinative of this appeal is whether defendant's guilty plea was voluntarily and knowingly entered.[4]

---

[1] MR. YAMAMOTO: Your honor, I would object for the court to consider the testimony of the witnesses without having the defendant cross examine the witnesses.

THE COURT: It's just a matter of sentencing. Any objection you make will be over ruled.

Tr. 4 (May 12, 1976).

[2] The record indicates that the 25-day jail term was to run concurrently for the two separate counts of assault and that the contempt charges were dismissed.

THE COURT: Well, Mr. Vaitogi it is the sentence of this Court that you spend twenty-five days in jail. The Mitt will issue forthwith. That's case 15A. In 16A the jail sentence is to run concurrently with 15A. The Court will take no action in 13A and 14A.

TR. 4 (May 12, 1976).

[3] Appellant also raised the issue of whether the trial court erred in receiving testimony by the complaining witnesses during the sentencing process without affording appellant an opportunity to cross-examine them or to rebut their testimony. However, this issue need not be discussed since our finding that appellant's guilty plea was not voluntarily and knowingly entered is dispositive of the instant appeal.

[4] Appellant did not contest the validity of his guilty plea on appeal. However, pursuant to H.R.Cr.P. Rule 52(b) (1960) and Rule 3(b)(3) of the Rules of the Supreme Court (1968), we are able to notice the issue of whether the guilty plea was entered voluntarily. See e.g., State v. Iaukea, 56 Haw. 343, 355, 537 P.2d 724, 733 (1975); State v. Yoshino, 50 Haw. 287, 289, 439 P.2d 666, 668 (1968); State v. Cummings, 49

We answer the issue in the negative and reverse the judgment of the trial court.

Appellant entered his plea of guilty on May 12, 1976. At that time, the Hawaii Rules of Criminal Procedure were in effect and provided that

> [a] defendant shall be apprised of his right to counsel before plea. He may then plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made *voluntarily with understanding of the nature of the charge.* (Emphasis added).

H.R.Cr.P. Rule 11 (1960).[5] Further, H.R.Cr.P. Rule 5(e)(1)(1960) stated that H.R.Cr.P. Rule 11 (1960) applied to

---

Haw. 522, 528, 423 P.2d 438, 442 (1967); State v. Ruiz, 49 Haw. 504, 507, 421 P.2d 305, 308 (1966).

H.R.Cr.P. Rule 52(b) (1960) provides:

Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

Rule 3(b) (3) of the Rules of the Supreme Court (1968) provides:

The court at its option, may notice a plain error not presented.

Since a plea of guilty necessarily results in the waiver of defendant's privilege against self-incrimination, the right to trial by jury and the right to confront his accusers, Boykin v. Alabama, 395 U.S. 238 (1969), the erroneous acceptance of that plea clearly affects defendant's "substantial rights" and may be noticed pursuant to H.R.Cr.P. Rule 52(b) (1960) and Rule 3(b) (3) of the Rules of the Supreme Court (1968).

In Boykin v. Alabama, *supra,* on appeal to the U.S. Supreme Court, the defendant did not expressly contest the validity of his guilty plea. Nevertheless, the Court took notice of the erroneous acceptance of the plea and based its decision on the validity of that plea.

[5] The Hawaii Rules of Penal Procedure, Rules 11(c) and (d), effective January 1, 1977, now provide more detail as to the requirements of the acceptance of guilty pleas:

(c) Advice to Defendant. The court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and determining that he understands the following:

(1) the nature of the charge to which the plea is offered; and

(2) the maximum penalty provided by law, and the maximum sentence of extended term of imprisonment, which may be imposed for the offense to which the plea is offered; and

(3) that he has the right to plead not guilty, or to persist in that plea if it has already been made; and

(4) that if he pleads guilty or nolo contendere there will not be a further trial of

criminal proceedings in the district courts as well as in the circuit courts.[6] It is also "a constitutional requirement that a trial judge ensure that a guilty plea be voluntarily and knowingly entered." *State v. Dicks,* 57 Haw. 46, 49, 549 P.2d 727, 730 (1976).

Prior to the landmark U.S. Supreme Court case of *Boykin v. Alabama,* 395 U.S. 238 (1969) (hereinafter referred to as *Boykin*), the test on appellate review as to the voluntariness of a guilty plea was less stringent. The failure of the trial court to conduct a specific inquiry as to the voluntariness of the guilty plea before accepting it did not *per se* render the plea involuntary and invalid. *Quillien v. Leeke,* 303 F. Supp. 698, 711 (D.S.C. 1969) *citing U.S. ex rel. Crosby v. Brierley,* 404 F.2d 790, 795-796 (3rd Cir. 1968). Rather, the appellate court could look to the "totality of circumstances surrounding the plea" to determine its validity. *Quillien v. Leeke, supra* at 711, *citing U.S. ex rel. Grays v. Rundle,* 293 F. Supp. 643, 645 (D.Pa.1968); *Brokaw v. U.S.,* 368 F.2d 508, 510 (4th Cir. 1966), *cert. den.* 386 U.S. 996; *Gundlach v. U.S.,* 262 F.2d 72, 76 (4th Cir. 1958), *cert den.* 360 U.S. 904.

As a result, in many instances although the record may have been silent as to any inquiry by the trial judge regarding the voluntariness of the defendant's plea, the guilty plea, nevertheless, may have been sustained if, for example, the defendant was represented by counsel and there was no allegation of incompetence of counsel. *U.S. ex rel. Grays v. Rundle, supra; Janovic v. Eyman,* 406 F.2d 314, 317 (9th Cir.

any kind, so that by pleading guilty or nolo contendere he waives the right to a trial.

(d) Insuring That the Plea is Voluntary. The court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from any plea agreement.

[6] H.R.Cr.P. Rule 5(e) (1) (1960) provided:

A defendant charged with the commission of a misdemeanor shall not be entitled to a preliminary hearing but shall be required to plead. The plea shall be entered in accordance with the provisions of Rule 11.

1969). The presence of counsel alone was afforded substantial weight in determining the voluntariness of the guilty plea. It was presumed that since defendant's counsel was an officer of the court, he or she must have fully advised the defendant of his or her rights and defenses. *U.S. ex rel. Ross v. McMann,* 409 F.2d 1016 (2d Cir. 1969).

Thus, for example, in *Russell v. Blackwell,* 53 Haw. 274, 492 P.2d 953 (1972), the validity of a guilty plea given and accepted in 1965, prior to *Boykin,* was upheld. In *Russell,* defendant pleaded guilty to first degree murder and *nolo contendere* to second degree robbery. The trial court failed to personally address defendant and inquire as to whether his plea was voluntarily and understandingly given. *See Russell v. Blackwell,* 53 Haw. at 275, 276 n. 1, 492 P.2d at 955, n. 1. Instead, the trial court merely accepted the plea and summarily sentenced the defendant. In upholding the voluntariness and validity of the guilty plea the court reasoned that since defendant's plea occurred in 1965, the strict standards of *Boykin* would be inapplicable and, pursuant to the standards existing in 1965, defendant's guilty plea was valid.

The pre-*Boykin* standards did not require the court to personally question the defendant and indulge in a ritualistic ceremony to determine whether his plea was voluntary. Rather, it was held that if counsel was present, the court could rely on the representations of counsel.

> The rule is complied with in spirit whenever the Court designates counsel who, after conference with the defendant, makes a statement from which the Court draws the inference that the defendant has pleaded guilty voluntarily after understanding the nature of the charge.

*Russell v. Blackwell,* 53 Haw. at 281, 282, 492 P.2d at 959 *quoting U.S. v. Von Der Heide,* 169 F. Supp. 560, 566 (D.D.C.1959). The court also noted in *Russell,* however, that the *Boykin* standards were more demanding and that the guilty plea was only in compliance with the pre-*Boykin* rules existing in 1965.

In 1969, the test on review for determining the voluntariness of guilty pleas was changed drastically by the decision of *Boykin v. Alabama, supra.* In *Boykin,* defendant, who was

represented by appointed counsel, pleaded guilty to five indictments for common-law robbery. The trial judge did not ask any questions of defendant regarding his plea and defendant did not address the court. The guilty plea was accepted and, pursuant to Alabama law, a jury sentenced defendant to death on each of the five indictments. Defendant appealed to the Alabama Supreme Court arguing that the sentence imposed constituted cruel and unusual punishment. The Alabama court rejected defendant's argument but noted the possible issue as to the constitutionality of the guilty plea. *Boykin v. State*, 281 Ala. 659, 207 So.2d 412 (1968). *Certiorari* was granted by the U. S. Supreme Court. The Court determined that although defendant did not explicitly raise the issue of the validity of his guilty plea "[i]t was error, plain on the face of the record, for the trial judge to accept [defendant's] guilty plea without an affirmative showing that it was intelligent and voluntary." *Boykin v. Alabama*, 395 U.S. at 242.

In denying the validity of the guilty plea the court noted that in the analogous situation of waiver of the Sixth Amendment right to counsel, the waiver must be explicitly shown on the record:

Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.

*Boykin v. Alabama*, 395 U.S. at 242, *quoting Carnley v. Cochran*, 369 U.S. 506, 516 (1962). The Court reasoned that the same standard should be applicable to the acceptance of guilty pleas since a plea of guilty also involves the waiver of several important federal constitutional rights: the privilege against self-incrimination; the right to trial by jury; and, the right to confront one's accusers. Further, "a plea of guilty is more than an admission of conduct, it is a conviction. Ignorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover up of unconstitutionality." *Boykin v. Alabama, supra,* at 242-243 (footnote omitted).

*Boykin* had a tremendous impact on the standard of review of guilty pleas, thus insuring that such pleas were genuinely voluntary. First, an appellate court can no longer presume from a silent record that a guilty plea was voluntarily and understandingly given. The presence of counsel alone is not sufficient to uphold the validity of the plea.[7] Second, although no specific "litany" or "ritual" is required, the record on review must affirmatively show that the defendant's guilty plea was voluntarily and understandingly given before the plea can be accepted. *State v. Dicks, supra.*

For example, in applying the rule in *Boykin*, and H.R.Cr.P. Rule 11 (1960), two pleas of guilty were upheld in *State v. Dicks, supra.* Defendants were charged with second degree burglary. At the hearing for plea and indictment each defendant waived counsel and waived indictment. Each also entered a plea of guilty to the charge. Prior to sentencing, both defendants moved to vacate acceptance of their respective pleas of guilty contending that they did not understand the nature of the charge when they entered their plea. The trial court denied defendants' motion and on appeal to this court that denial was affirmed. In reaching the result that defendants' pleas were voluntarily and understandingly given, the court reviewed the record and found that the trial judge was very solicitous in determining the voluntariness of the pleas. He informed defendants of the constitutional rights waived by a plea of guilty, the maximum sentence and fine which the court could impose and made sure that defendants understood the nature of the charges against them.

On the other hand, in *Carvalho v. Olim,* 55 Haw. 336, 519 P.2d 892 (1974), it was held that defendant's guilty plea was not voluntarily and understandingly given. In *Carvalho,* defendant pleaded guilty, in 1959, to murder in the first degree. Twelve years later, defendant petitioned for a writ of *habeas corpus* arguing, *inter alia,* that his guilty plea was

---

[7] In People v. Francis, 38 N.Y.2d 150, 341 N.E.2d 540 (1975), the court noted that an on-the-record showing of the voluntariness of a guilty plea was required and that

"a simplistic reliance on the presence of counsel is not a sufficient solution." *Id.,* 38 N.Y.2d at 153, 341 N.E.2d at 542.

invalid. Since there was no official record of the proceedings of the original indictment, evidence was adduced at the hearing on the petition by way of testimony of persons present in the court on the day of defendant's arraignment and plea. In response to defendant's petition, the circuit court issued a writ of *coram nobis* and the State appealed.

On appeal, this court set aside the writ of *coram nobis* but remanded the case for the lower court to issue a writ of *habeas corpus*. Since defendant's guilty plea was offered in 1959, prior to *Boykin,* the more lenient pre-*Boykin* standard of review was used. Nevertheless, the court determined that the plea was not voluntarily and understandingly given. The court reasoned that where the official record is silent, the presumption is raised that the defendant did not voluntarily and understandingly enter his plea of guilty. Further, in the event of a silent record, the State bears the burden of persuasion to prove the validity of the plea. *Carvalho v. Olim,* 55 Haw. at 343, 519 P.2d at 897, *citing Wong v. Among,* 52 Haw. 420, 425, 477 P.2d 630, 634 (1970) (*Wong* also concerned a pre-*Boykin* guilty plea).

At the hearing for the petition for *habeas corpus,* one witness specifically testified that before the defendant's plea was accepted by the trial court there was a ten or fifteen minute colloquy between the court and the defendant. The witness testified that during this conversation the trial judge specifically asked the defendant whether he understood the charge and the possible penalty. The witness also stated that he felt the trial judge took every precaution to insure that the plea was voluntary. *Carvalho v. Olim,* 55 Haw. at 340, 519 P.2d at 895, 896. Notwithstanding this testimony, the court on appeal declared the plea invalid since defendant was not expressly advised that by pleading guilty he was waiving his constitutional rights of trial by jury, self-incrimination and confrontation of his accusers. Also, defendant was never given a copy of the indictment against him, never had a full understanding of what the charge of first degree murder entailed and was never informed of the possible defenses.

In the instant case, although there exists an official record of the hearing at which defendant, through his counsel, en-

tered his plea of guilty, that record is very brief and is void of any specific inquiry by the trial judge as to whether the defendant voluntarily and understandingly entered his plea. Also, there is no specific finding by the trial judge stating that he believed defendant's plea to have been voluntarily entered. The plea proceeding was cursory and can be quoted here in its entirety:

PROSECUTOR: Cases 13, 14, 15 and 16, Malu Vaitogi.

MR. YAMAMOTO: We waive the reading of the charges at this time. Myles Yamamoto representing the defendant, Malu Vaitogi. At this time your honor, we would like to enter a plea of guilty to all of the charges.

THE COURT: And the contempt matter?

MR. YAMAMOTO: The contempt too and the two assaults.

THE COURT: Do you have anything to say?

MR. YAMAMOTO: On the contempt matter, the defendant has a difficult time with the language and he was not aware he had to come to court. He forgot he was suppose [sic] to come here.

THE COURT: What about the other cases?

MR. YAMAMOTO: Enter a plea of guilty to that. The defendant does not entirely agree with all the facts that are stated in the police report. He does believe he is guilty of the offense of assault as explained to him.

Tr. 2 (May 12, 1976).

If the instant guilty plea had been entered prior to *Boykin* it might have been possible to sustain its validity. Defendant was represented by counsel and there is no allegation of imcompetence of counsel. Further, counsel specifically stated that the assault charge was explained to defendant. Presumably, this explanation was given by counsel.[8] Prior to *Boykin*, although the record was silent as to any inquiry by the trial judge, on review the representations of counsel could be

---

[8] Even if the explanation had been issued by the court, the fact remains that there is no record of the explanation.

afforded substantial weight and the voluntariness of the plea upheld. *See, e.g., Russell v. Blackwell, supra.*

But although counsel, in the instant case, advised the court that defendant would waive the reading of the charges and would enter a plea of guilty, pursuant to *Boykin* it was nevertheless incumbent on the court to address defendant personally to determine if defendant actually understood the charges against him and the consequences of a plea of guilty. In light of *Boykin* and subsequent cases interpreting *Boykin*, it is clear that the court cannot rely on the presence and representations of counsel alone in accepting a guilty plea. In *Boykin*, even though the defendant was represented by counsel at every stage of the proceedings, the court invalidated his guilty plea.

The record must affirmatively show that the plea was voluntary. The record in this case fails to make that showing. No inquiry whatsoever was made of defendant when he entered his plea. He was neither informed of the charges against him, the consequences of a conviction for assault nor of the constitutional rights waived by entering a guilty plea. In addition, defendant's counsel told the court that defendant had "a difficult time with the language." In light of this potential language barrier, the court should have been aware of a possible misunderstanding by defendant of any portion of the proceedings and made an effort to determine if defendant actually understood the nature of the hearing and the ramifications of his plea.

The instant case is readily distinguishable from *State v. Dicks, supra,* in which the defendants' guilty pleas were upheld. In *Dicks* the trial judge was extremely solicitous of the defendants in determining whether their pleas were voluntary as evidenced by an on-the-record inquiry by the court of the defendants. Here, however, there was no such inquiry. On the other hand, as in *Carvalho v. Olim, supra,* the defendant was not advised that by pleading guilty he was waiving several constitutional rights and was not informed as to the nature of the offense, the possible defenses and penalties.

We adhere to the rule enunciated in *State v. Dicks, supra,* that the court need not indulge in a ritualistic litany in deter-

mining the voluntariness of a guilty plea. However, at a minimum, the court should make an affirmative showing by an on-the-record colloquy between the court and the defendant wherein the defendant is shown to have a full understanding of what the plea of guilty connotes and its consequences. The record in this case evidences a proceeding in complete contravention of H.R.Cr.P. Rule 11 (1960) and the established mandate of *Boykin v. Alabama, supra*. Consequently, we hold that the tendered guilty plea was involuntary and invalid.

The judgment of the lower court is reversed and on remand, to avoid any further prejudice to defendant, a different judge shall hear the case.[9]

*Myles T. Yamamoto,* Deputy Public Defender, for Defendant-Appellant.

*J. Leo McCormick,* Deputy Prosecuting Attorney for Plaintiff-Appellee.

---

[9] HRS § 602-5(7) (1976 Repl.):

Jurisdiction and powers. The supreme court shall have jurisdiction and powers as follows:

(7) To make and award such judgments, decrees, orders and mandates, issue such executions and other processes, and do such other acts and take such other steps as may be necessary to carry into full effect the powers which are or shall be given to it by law or for the promotion of justice in matters pending before it.