STATE OF HAWAII, Plaintiff–Appellant, v. ORRIN HUGH SMYTHE, also known as Orrin Smythe, Defendant–Appellee

NO. 14766

(CR. NO. 89–0190)

MAY 28, 1991

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is a State appeal from orders granting a motion to dismiss Counts I and II of an indictment. Those counts charged appellee with manslaughter under HRS § 707–702(1)(a). The State also appeals from the order denying its oral motion for reconsideration.

Appellee drove his van into the back of a car, killing two occupants. For each death he was indicted for manslaughter (HRS § 707–702(1)(a)) (Counts I and II), and negligent homicide in the first degree (HRS § 707–703) (Counts III and IV). He was also indicted for driving under the influence under HRS § 291–4(a)(1)

and (2) (Counts V and VI). After the court had based its denial of one of appellee's motions in limine on the ground that negligent homicide was a lesser included offense of manslaughter, appellee offered to plead no contest to the two counts of negligent homicide and the two counts of driving under the influence. Under HRPP 11(b) such pleas can be entered only with the consent of the court. The State opposed the entry of the pleas but the court allowed them, and adjudicated appellee guilty of the crimes charged in those counts. The appellee then moved to dismiss the two counts of manslaughter under HRS § 701–109(1)(a) and the court granted the motion. From the dismissal of those two counts, this appeal is taken.

The State argues that negligent homicide is not a lesser included offense of manslaughter because negligent homicide requires the proof of use of a vehicle in causing the homicide, an element which is not necessarily included in a manslaughter charge. The State's argument is based upon HRS § 701–109(4)(a) and (c) which read:

> A defendant may be convicted of an offense included in an offense charged in the indictment or the information. An offense is so included when:
>
> (a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or
>
> . . . .
>
> (c) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a different state of mind indicating [a] lesser degree of culpability suffices to establish its commission.

The State argues that HRS § 701–109(4)(a) is not applicable since to prove negligent homicide, the State must prove the use of a

vehicle, and this is not the same or less proof than is necessary in the case of manslaughter, since manslaughter can be committed without the use of a vehicle.

With respect to HRS § 701–109(4)(c), the State argues that the offense of negligent homicide differs in that a vehicle must be used, and that thus it does not differ "only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a different state of mind indicating [a] lesser degree of culpability suffices to establish its commission."

Both sides note however that in the Commentary on the section the revisors stated with respect to the problem of negligent homicide:

> For example, negligent homicide would probably not be included in murder under (a), because negligence is different in quality from intention. It would obviously be included under (c), because the result is the same and only the required degree of culpability changes.

As in the case of manslaughter, murder can be proved without proving the use of a vehicle, so that comments to the code reflect that the use of a vehicle in negligent homicide was not intended to exclude it as a lesser included offense of the more serious degrees of homicide, murder and manslaughter.

The prosecution points out that in the 1970 draft of the code, use of a vehicle in the case of negligent homicide was not included, but that it was later included by amendment when the code was passed in 1972. In this respect, the prosecution points out that in Conference Committee Report No. 2 (1972), it was stated:

> Your Committee has agreed to the creation of two degrees of negligent homicide in order to preserve the present law distinction between gross negligence and simple negligence. Your Committee finds that expansion of the offense . . . beyond the scope of the operation of a motor vehicle is not necessary at the present time.

Hse. Conf. Comm. Rep. No. 2, in 1972 House Journal, at 1044.

If we look back, beyond the code, to see what the state of law was, prior to its adoption negligent homicide by vehicle was, explicitly, a lesser included offense of murder or manslaughter. Section 748–10 of the Hawaii Revised Statutes (which was repealed along with the rest of Chapter 748 by § 1300(3)(a) of Act 9 of the Session Laws of 1972) read as follows:

**May find guilty [on a] charge of greater offense.** Under an indictment charging a defendant with murder or manslaughter in the operation of any vehicle the jury, or the court in a jury waived case, may find the defendant guilty of negligent homicide if the facts so warrant.

That section had come down unchanged from its enactment as § 2 of Act 71 of the Regular Session Laws of 1941.

In restricting negligent homicide to deaths caused by the operation of vehicles, when the present criminal code was adopted in 1972, the legislature merely carried forward the statutory restriction theretofore existing. *See* HRS § 748–9 (1969). Nowhere in the Commentary nor in the legislative history can we find an intention, on the part of the legislature, to change the existing law, which made negligent homicide a lesser included offense of manslaughter and murder. The State's overliteral reading of the words of HRS § 701–109(4)(a) and (c) would accomplish an absurd result, obviously unintended by the legislature. Accordingly, we hold that negligent homicide is a lesser included offense of manslaughter.

The State next argues that the acceptance by the court under HRPP 11(b) of a plea of no contest is not a "conviction" for the purposes of HRS § 701–109(4). The settled law is to the contrary. Thus, in *State v. Vaitogi*, 59 Haw. 592, 597, 585 P.2d 1259, 1263 (1978), we stated: "Further, 'a plea of guilty is more than an admission of conduct, it is a conviction.' " In *Boykin v. Alabama,*

395 U.S. 238, 242, 89 S. Ct. 1709, 1711–12, 23 L. Ed. 2d 274, 279 (1969), the Supreme Court of the United States stated:

> A plea of guilty is more than a confession which admits that the accused did the various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment.

A plea of no contest, under our rules, requires the approval of the court, but once it is accepted by the court, it is for the purposes of HRS § 701–109(4), a "conviction."

The prosecution argues that the trial judge abused his discretion in accepting the plea of no contest to the two negligent homicide counts and the two DUI counts. Obviously, the acceptance of a plea of guilty or the acceptance of a no contest plea, by the trial judge, is not normally appealable by the State under HRS § 641–13. We do not need to decide in this case whether or not the acceptance of such a plea, when as here, it leads to the dismissal of other charges, is appealable, for the reason that the State has failed to show any abuse of discretion on the part of the trial judge in this case.

Accordingly, we affirm the orders appealed from, i.e. the dismissal of Counts I and II of the indictment.

*Caroline M. Mee*, Deputy Prosecuting Attorney, for appellant.
*Theodore Y.H. Chinn*, Deputy Public Defender, for appellee.