DEMONT R. D. CONNER, Petitioner–Appellant, v. STATE OF HAWAI'I, Respondent–Appellee

NO. 15365

(S.P.P. NO. 90–0016)

MARCH 16, 1992

BURNS, C.J., HEEN, J., AND CIRCUIT JUDGE HUDDY, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY HEEN, J.

This Rule 40, Hawai'i Rules of Penal Procedure (HRPP) (1989), petition for post–conviction relief case had its genesis in Petitioner–Appellant DeMont R. D. Connor's (Petitioner) guilty pleas to charges of Assault in the Second Degree, Hawai'i Revised Statutes (HRS) § 707–711(1)(c) (1985), in Criminal No. 84–0491 (Cr. 84–0491), and Attempted Escape in the Second Degree, HRS

§ 705–500 (1985) and § 710–1021 (1985) in Criminal No. 84–0553 (Cr. 84–0553), entered on February 21, 1985, and March 1, 1985, respectively.[1]

Thereafter, on March 22, 1985, the State filed a motion in Cr. 84–0491 to have Petitioner sentenced as a repeat offender in that case in accordance with HRS § 706–606.5(2) (1985) on the ground that Petitioner had been convicted on March 6, 1984, for rape in the first degree, on June 14, 1984, for kidnapping, and on February 21, 1985, for assault in the second degree.[2,3] On April 4, 1985, the date set for sentencing, the sentencing judge heard the State's motion

---

[1] In both underlying cases, Petitioner had previously entered pleas of not guilty which he changed to guilty on the above dates, before different judges. Hereafter, the judge who accepted Defendant's guilty plea in Criminal No. 84–0491 (Cr. 84–0491) will be referred to as the accepting judge.

[2] Hawai'i Revised Statutes (HRS) § 706–606.5 (1985) reads in pertinent part as follows:

**Sentencing of repeat offenders.**

\* \* \*

(2) Notwithstanding section 706–669 and any other law to the contrary, any person convicted under section . . . 707–711 relating to assault in the second degree; . . . who has a prior conviction or prior convictions for one or more offenses enumerated in subsection [706–606.5](1) or this subsection in this or another jurisdiction, within the time of the maximum sentence of any prior conviction, shall be sentenced to a mandatory minimum period of imprisonment without possibility of parole during such period as follows:

(a) One prior conviction–3 years;

(b) Two prior convictions–5 years.

(3) The sentencing court may impose the above sentences consecutive to any other sentence then or previously imposed on the defendant or may impose a lesser mandatory minimum sentence without possibility of parole than that mandated by this section where the court finds that strong mitigating circumstances warrant such action. Strong mitigating circumstances shall include, but will not be limited to, the provisions of section 706–621. The court shall provide a written opinion or its reasons for imposing the lesser sentence.

[3] Rape in the first degree and kidnapping are crimes listed in HRS § 706–606.5(1).

and granted it. Immediately thereafter, the sentencing judge sentenced Petitioner in Cr. 84–0491 to imprisonment for both the maximum indeterminate term of five years and the mandatory minimum term of five years without possibility of parole. The sentencing judge also sentenced Petitioner to a five–year indeterminate prison term in Cr. 84–0553. The sentencing judge ordered the sentence in each case to be served concurrently with the other but consecutive to any sentence Petitioner was then serving.[4] On July 10, 1985, Defendant filed a motion for reconsideration of the sentences in both cases, which the sentencing judge denied.

On May 22, 1990, Petitioner filed the *pro se* petition in this case "To Vacate, Set Aside, Or Correct Judgment Or To Release Petitioner from Custody." On August 15, 1990, counsel was appointed to represent Petitioner. The petition alleged that Petitioner was denied effective assistance of counsel because his attorneys did not inform him of his right to appeal the sentences, did not do enough to mitigate the sentences, and did not advise him of the mandatory minimum sentence he faced in Cr. 84–0491.[5] Petitioner also alleged that had he known about the mandatory minimum sentence he would not have pleaded guilty in the two cases. Finally, Petitioner claimed he was denied his right to appeal the sentences.[6]

On May 23, 1991, after a hearing, the lower court entered its order denying the petition. In its finding of fact (FOF) no. 2(f), the lower court found that Petitioner told the accepting judge that Petitioner had read and understood the written guilty plea form

---

[4] At the time of sentencing, Petitioner was serving a prison sentence for other offenses.

[5] In the opening brief, Petitioner argues ineffective assistance of counsel only as to Cr. 84–0491. In view of our disposition of the case, we do not discuss the issue.

[6] This issue is not raised on appeal.

before he signed it. In FOF no. 2(g), the lower court found that the guilty plea form contained a paragraph stating that Petitioner's then counsel had explained that "I may have to serve a mandatory minimum term of imprisonment without possibility of parole." In FOF no. 4(f), the lower court found that Petitioner

> understood that imposition of a five–year indeterminate term of imprisonment was mandatory due to the fact that he was under sentence of imprisonment, but he believed that term of imprisonment would be subject to parole, and did not understand that the period would not be subject to parole, pursuant to HRS § 706–606.5.

On the basis of those findings, the lower court stated in conclusion of law (COL) no. 2 that Petitioner's plea was voluntary, and that he understood the nature of the charge and the consequences of the plea. Specifically, the court found, although the finding is stated as COL no. 3, that based upon FOF no. 2(f), 2(g), and 4(f), "Petitioner understood that he could receive a mandatory minimum term of imprisonment of five years without possibility of parole[.]"

Petitioner contends that COL no. 3 is clearly erroneous. *State v. Yoon*, 66 Haw. 342, 662 P.2d 1112 (1983). Petitioner asserts that when he pleaded guilty he was not aware that he was facing a mandatory minimum sentence in Cr. 84–0491 and would not have pleaded guilty had he known. He also contends that he pleaded guilty in Cr. 84–0553 only because he wanted to be rid of all the charges pending against him and did so in ignorance of the mandatory minimum sentence in Cr. 84–0491. Consequently, he argues that in order to prevent manifest injustice he should be allowed to withdraw both guilty pleas.

We conclude that the lower court erred in denying the petition with respect to Cr. 84–0491. However, the court was correct in denying the petition in regards to Cr. 84–0553.

## I.

We address, first, the extent of the court's duty to inquire into a defendant's awareness of the consequences of his guilty plea when determining whether the plea is voluntary. In doing so, we note that COL no. 3 is contradictory to FOF no. 4(f). Nevertheless, our decision is not based on the contradiction.

In essence, the State argues that it was enough to satisfy Rule 11(c)(2), HRPP (1988), which provides that a court shall not accept a plea of guilty

> without first addressing the defendant personally in open court and determining that he understands . . . the maximum penalty imposed by law, and the maximum sentence of extended term of imprisonment, which may be imposed for the offense to which the plea is offered[,]

that the record in Cr. 84–0491 shows Petitioner was aware of the maximum sentence and any extended sentence that could result from his guilty plea. The argument is without merit.

In *State v. Vaitogi*, 59 Haw. 592, 585 P.2d 1259 (1978), the supreme court said

> that the court need not indulge in a ritualistic litany in determining the voluntariness of a guilty plea. *However, at a minimum, the court should make an affirmative showing by an on–the–record colloquy between the court and the defendant wherein the defendant is shown to have a full understanding of what the plea of guilty connotes and its consequences.*

*Id.* at 601–02, 585 P.2d at 1265 (emphasis added). In our view, the accepting judge in Cr. 84–0491 was required under *Vaitogi* to determine not only that Petitioner was aware of the maximum sentence, but also that Petitioner knew he faced a mandatory

minimum prison term.[7]  Strict application of Rule 11(c)(2) under the circumstances in Cr. 84–0491 would not ensure a record of knowing and intelligent waiver.

The mandatory minimum sentence in Cr. 84–0491 was a direct, inescapable consequence of the guilty plea to the same extent as the maximum sentence. Indeed, it was more certain and severe in its impact than a possible extended term. *See* HRS § 706–662 (1985). Unlike the situation in *Reponte v. State*, 57 Haw. 354, 556 P.2d 577 (1976), the mandatory minimum sentence in this case was not a "collateral effect" of his guilty plea. The accepting judge should have established that Petitioner was aware of the mandatory minimum sentence to the same extent as his awareness of the maximum sentence. The record in Cr. 84–0491 indicates the accepting judge did not do so.

The transcript of Petitioner's plea hearing in Cr. 84–0491 reads in part as follows:

> THE [ACCEPTING JUDGE]:  What that means, Demont, is that if you plead guilty to this charge you could be sent to prison for up to five years and be ordered to pay a $5,000 fine.
>
> In addition is there any possibility of any repeat offender or extended term sentence, Mr. Goto?
>
> MR. GOTO:  Your Honor, there is a possibility; however, I do not know whether or not it is going to be filed in this case.
>
> THE [ACCEPTING JUDGE]:  What would the possible maximum sentence be?

---

[7] We are aware that in *State v. Vaitogi*, 59 Haw. 592, 585 P.2d 1259 (1978), no inquiry at all was made to determine whether the defendant understood the consequences of his plea. Thus, *Vaitogi* is not "on all fours" with the case at hand. However, the supreme court in *Vaitogi* established only the minimum showing the trial court has to make when determining the voluntariness of a guilty plea. The principle established by the *Vaitogi* court is applicable in Cr. 84–0491.

MR. GOTO: I believe it would be ten years, Your Honor, if extended.

THE [ACCEPTING JUDGE]: What that means, Demont, is if you plead guilty to this charge you could be sent to prison for up to ten years. Do you understand that?

THE DEFENDANT: Yes.

THE [ACCEPTING JUDGE]: Do you still want to plead guilty to the charge?

THE DEFENDANT: Yes.

The accepting judge did not ask whether Petitioner was aware of the mandatory minimum sentence. Indeed, the colloquy between the accepting judge and Petitioner could have been interpreted by Petitioner as indicating that the only other consequence he faced was an extended term, subject to parole.

We reject the State's argument that the testimony of Petitioner's attorney in Cr. 84–0491 that her *modus operandi* in this type of case was to advise a defendant that he or she faced a mandatory minimum sentence, together with the statement in the guilty plea form that Petitioner's lawyer had informed Petitioner of the mandatory minimum sentence, indicate that Petitioner understood the consequences of his plea.[8] Even assuming that inference may be drawn from the record in the Rule 40 hearing, it is not enough to overcome the failure of the accepting judge to make a clear showing on the record that Defendant had a "full understanding" that he faced a mandatory minimum sentence.

On the basis of the above discussion, we hold that the lower court erred as a matter of law when it concluded that Petitioner's guilty plea in Cr. 84–0491 was voluntary, and that Petitioner understood the consequences of his plea.

---

[8] The fact that Petitioner was represented by counsel at the plea hearing, without more, will not allow the inference that Petitioner had been informed of the consequences of his guilty plea. *Vaitogi, supra.*

## II.

We conclude that, notwithstanding his stated desire to get the two cases over with at the same time, and his argument that he would not have pleaded guilty in Cr. 85–0553 if he had known about the mandatory minimum sentence in Cr. 84–0491, Petitioner suffered no prejudice from his guilty plea in Cr. 84–0553. There is no question from the record that his plea in Cr. 84–0553 was voluntary and made with full knowledge of the consequences. The question whether Petitioner understood the consequences in Cr. 84–0491, or whether he pleaded guilty in both cases only to get them over with, does not, in our view, affect the voluntariness of the plea in Cr. 84–0553. Accordingly, the court was correct in denying the petition as to Cr. 84–0553.

## CONCLUSION

We vacate the order insofar as it denies the petition as to Cr. 84–0491, and remand this matter to the circuit court with instructions to grant the petition as to Cr. 84–0491. We affirm the denial of the petition in regard to Cr. 84–0553.

*Seth Thompson* (Shigetomi and Thompson, of counsel) on the briefs for petitioner–appellant.

*James M. Anderson*, Deputy Prosecuting Attorney, City and County of Honolulu, on the brief for respondent–appellee.