STATE OF HAWAI`I, Plaintiff-Appellee,
v.
NICHOLAS PATROCINIO, aka Christopher Lee, Defendant-Appellant.
No. 28579.
In the Intermediate Court of Appeals of Hawaii.
August 8, 2008.
On the briefs:
Walter J. Rodby, for Defendant-Appellant.
Delanie D. Prescott-Tate, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, FOLEY and FUJISE, JJ.
Defendant-Appellant Nicholas Patrocinio, also known as Christopher Lee, (Patrocinio) appeals from the Judgment of Conviction and Sentence filed on May 9, 2007 in the Circuit Court of the First Circuit (circuit court).[1]
On August 8, 2006, Patrocinio entered a plea of no contest to the charge of Theft in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 708-831(1)(b) (Supp. 2007). On April 25, 2007, prior to sentencing, Patrocinio filed a Motion to Withdraw Plea. On May 9, 2007, the circuit court denied Patrocinio's motion to withdraw his plea and sentenced him to five years of imprisonment with a mandatory minimum of one year and eight months, to run consecutively with any other sentence being served.
On appeal, Patrocinio contends the circuit court erroneously denied his Motion to Withdraw Plea by not abiding by the requirements of Hawai`i Rules of Penal Procedure (HRPP) Rule 11(c)(3).
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Patrocinio's points of error as follows:
Contrary to Patrocinio's contention on appeal, the circuit court did not fail to abide by the requirements of HRPP Rule 11(c)(3), which provides:
(c) Advice to defendant. A court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and determining that the defendant understands the following:
. . . .
(3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made[.]
However, the circuit court is not required to indulge in a "ritualistic litany in determining the voluntariness" of a no contest plea. See State v. Vaitogi, 59 Haw. 592, 601-02, 585 P.2d 1259, 1265 (1978). The circuit court did determine, in open court, that Patrocinio had a full understanding of his right to maintain his previous not guilty plea. The circuit court engaged in the following on-the-record colloquy with Patrocinio:
THE COURT:  court understands that you now wish to change your plea from not guilty to no contest to the charge of theft in the second degree, is that correct?
THE DEFENDANT: Yes, Your Honor.
THE COURT: And because of that, the court is going to ask you questions to make sure you understood you had important rights to protect you in a trial in this matter and you also understand you had a right to a trial in these matters. You understand that?
THE DEFENDANT: Yes, Your Honor.
THE COURT: And you read the two-page no contest plea form?
THE DEFENDANT: Yes, I have, Your Honor.
THE COURT: And did you understand what you read?
THE DEFENDANT: Yes, I have, Your Honor.
THE COURT: And your attorney also went over that form thoroughly with you?
THE DEFENDANT: That's correct, Your Honor.
THE COURT: Did she answer all your questions?
THE DEFENDANT: Yes, she did.
THE COURT: And based upon understanding the contents of the no contest plea form and your rights therein, you signed on the second page to acknowledge that understanding, is that correct?
DEFENDANT: Yes, Your Honor.
The circuit court then questioned Patrocinio as to his age, education, ability to read and write English, citizenship, and medical/drug status. Patrocinio informed the court that he understood the maximum jail time and fine for the charge and the extent of his extended term and mandatory minimum sentences. Patrocinio stated that his attorney had explained the charge, gone over the evidence and police reports with him, and told him about his possible defenses at trial. Patrocinio further stated that he had no questions about the charge against him; understood he was giving up his rights to a jury trial, to confront witnesses and challenge evidence, to raise defenses and testify at trial, to file pretrial motions, to appeal his case, and to be sentenced without a trial; understood he had no plea agreement with the State; had not changed his plea because of any promise, deal, favor, threat, coercion, or pressure; and was satisfied with the work and advice his attorney had given him. The circuit court concluded the plea change:
THE COURT:  you understand by stipulating to a factual basis, that means that based on your review of the evidence with your attorney, you believe there is a factual basis for the charge you're pleading to?
[PATROCINIO]: Yes, Your Honor.
THE COURT: Okay, Mr. Patrocinio, as to the charge of theft in the second degree, what is your plea? Not guilty, guilty, or no contest?
[PATROCINIO]: I plead no contest, Your Honor.
THE COURT: And you make your no contest plea voluntarily, of your own choice?
[PATROCINIO]: Yes, I have, Your Honor.
THE COURT: Any questions you have this morning?
[PATROCINIO]: No, Your Honor.
THE COURT: The court will find that you have intelligently, knowingly, and voluntarily entered your plea, that you have full and complete understanding of the charge against you and the consequences of changing your plea.
At this time, Mr. Patrocinio, I'm going to give you back your no contest plea form. Please sign towards the bottom of the second page. By signing, you agree you understood the court's questions to you this morning.
[PATROCINIO]: Yes.
[Defense Counsel]: For the record, Your Honor, Mr. Patrocinio has signed the acknowledgment.
The circuit court did not err when it found that Patrocinio knowingly, intelligently and voluntarily entered a plea of no contest to the offense of Theft in the Second Degree. Therefore, the circuit court did not abuse its discretion in denying Patrocinio's Motion to Withdraw Plea.
It is a constitutional requirement that a trial judge ensure that a guilty plea be voluntarily and knowingly entered. Rule 11 of the Hawaii Rules of Criminal Procedure likewise mandates that the trial court "shall not accept the guilty plea without first determining that the plea is made voluntarily with understanding of the nature of the charge." It is error when a court does not fulfill these requirements and a clear abuse of discretion when a trial court refuses to allow the withdrawal of pleas tainted by such error. On the other hand, if the accused, with full knowledge of the charge against him and of his rights and the consequences of a plea of guilty, enters such a plea understandingly and voluntarily, the court may, without abusing its discretion, refuse to permit him to withdraw the plea.
State v. Dicks, 57 Haw. 46, 49-50, 549 P.2d 727, 730 (1976) (parentheses omitted).
Therefore,
The Judgment of Conviction and Sentence filed on May 9, 2007 in the Circuit Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Karl K. Sakamoto presided.