**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000420**
**31-MAR-2021**
**07:53 AM**
**Dkt. 39 SO**

NO. CAAP-19-0000420

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

STATE OF HAWAI‘I, Plaintiff-Appellee,
v.
EON KYU JOO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-19-00125)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Hiraoka and Nakasone, JJ.)

Defendant-Appellant Eon Kyu Joo (**Joo**) appeals from the
Notice of Entry of Judgment and/or Order and Plea/Judgment, filed
on May 7, 2019, in the District Court of the First Circuit,
Honolulu Division (**District Court**).[1]

Joo was convicted of Operating a vehicle under the
influence of an intoxicant (**OVUII**), in violation of Hawaii
Revised Statutes (**HRS**) § 291E-61(a)(1) (Supp. 2019).[2]

---

[1]  The Honorable Michelle N. Comeau presided.

[2]  HRS § 291E-61(a)(1) states:

> **§291E-61  Operating a vehicle under the influence of
> an intoxicant.**  (a)  A person commits the offense of
> operating a vehicle under the influence of an intoxicant if
> the person operates or assumes actual physical control of a
> vehicle:
>> (1)  While under the influence of alcohol in an
>> amount sufficient to impair the person's normal
>> mental faculties or ability to care for the
>> person and guard against casualty[.]

On appeal, Joo contends: (1) the District Court failed to conduct an adequate Tachibana colloquy,[3] which was not harmless; and (2) there was insufficient evidence to convict him of OVUII.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm.

(1) Joo asserts the following arguments in challenging the Tachibana colloquy in this case:

(a) when the District Court asked "And you understand that if you choose not to testify, that cannot be held against you in deciding your case?" it was not stated as a question but an affirmative statement which Joo simply agreed with instead of demonstrating an understanding of his right; and further, the District Court did not explain the meaning of "that cannot be held against you[,]" which could have various meanings such that the court should have explained that it was Joo's silence which could not be held against him, and that it was the court as fact-finder that would not hold Joo's silence against him;

(b) the District Court did not question Joo about his state of mind and whether his mind was clear; and

(c) instead of asking an open-ended question, the District Court stated: "It is the understanding of the Court that you do not intend to testify in this case.  Is that correct?" Joo contends the information was obtained from his attorney, who had indicated the defense rested, the question was leading, and it was unclear whether Joo was merely acknowledging the information or was making his own decision.

The Hawai'i Supreme Court has stated:

> The constitutional right to testify is violated when the Tachibana colloquy is inadequate to provide an "objective basis" for finding the defendant "knowingly, intelligently, and voluntarily" relinquished his or her right to testify.  In

---

[3]  Tachibana v. State, 79 Hawai'i 226, 900 P.2d 1293 (1995).

> determining whether a waiver of the right to testify was voluntarily and intelligently made, this court looks to the totality of the facts and circumstances of each particular case.

State v. Celestine, 142 Hawaiʻi 165, 171, 415 P.3d 907, 913 (2018) (internal citations omitted).  Here, after the State rested its case, the District Court conducted the following colloquy with Joo:

> MR. KING: Defense is going to rest, Your Honor.
>
> THE COURT: Okay.  Do you need time to talk to the defendant?  Do you need any time to speak to the defendant?
>
> MR. KING: No, Your Honor.
>
> THE COURT: Okay.  All right.  Mr. Joo, before you rest I want to make sure that you understand your rights regarding whether or not to testify.  Okay?  So as I discussed with you before the start of trial, you have the constitutional right to testify in your own defense.  Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And although you should consult with your lawyer regarding your decision to testify, it is your decision and no one can prevent you from testifying should you choose to do so.  Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And if you decide to testify, the prosecutor will be allowed to cross-examine you.  Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: All right.  You also have the constitutional right not to testify.  Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And you understand that if you choose not to testify, that cannot be held against you in deciding your case?
>
> THE DEFENDANT: Yes.
>
> THE COURT: All right.  It is the understanding of the Court that you do not intend to testify in this case. Is that correct?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And that's your decision?
>
> THE DEFENDANT: Yes.

THE COURT: Okay. All right.  And defense is resting?

MR. KING: Yes, Your Honor.

(Emphases added).

(1a)  Contrary to Joo's claim, the question "And you understand that if you choose not to testify, that cannot be held against you in deciding your case?" is not stated as an affirmative statement and was not an improper leading question. Rather, a fair reading of this question in the totality of the circumstances is that the District Court sought to ascertain Joo's understanding of a principle involved in the right not to testify.  See Celestine, 142 Hawaiʻi at 170, 415 P.3d at 912. Further, the District Court properly referred to Joo's right not to testify instead of his right to remain silent.  See State v. Han, 130 Hawaiʻi 83, 93 n.8, 306 P.3d 128, 138 n.8 (2013) ("A defendant could be confused if a court states simply, 'you have the right to remain silent' without using the accompanying phrase, 'you have the right not to testify.'").  Additionally, "[i]n a bench trial, defendants must be advised that if they exercise their right not to testify, no inference of guilt may be drawn for exercising this right, i.e., that a decision not to testify cannot be used against a defendant by the judge in deciding the case." State v. Martin, 146 Hawaiʻi 365, 378, 463 P.3d 1022, 1035 (2020) (citation omitted), as corrected (Apr. 23, 2020), reconsideration denied, No. SCWC-14-0001090, 2020 WL 2538923 (Haw. May 19, 2020).  Here, the District Court properly advised Joo of the prohibition on using his choice not to testify against him and properly informed Joo that if he chose not to testify it would not be used against him "in deciding your case."

Finally, even if there was a defect in this part of the colloquy, it would be harmless.  Joo decided not to testify, thus waiving his right to testify; but in this argument Joo claims the District Court's colloquy is deficient regarding his right not to testify.  "We have previously held that when the deficiency in a Tachibana colloquy is not related to the right waived, the error appears harmless." State v. Adcock, 148 Hawaiʻi 308, 316, 473

4

P.3d 769, 777 (2020), <u>cert. denied</u>, No. SCWC-19-000508, 2021 WL 276152 (Haw. Jan. 27, 2021) ("[E]ven if we were to conclude that the Circuit Court erred in not obtaining verbal confirmation that Adcock understood his right <u>not</u> to testify, such error is harmless because Adcock did not waive that right."); <u>State v. Dykas</u>, No. CAAP-17-0000352, 141 Hawaiʻi 395, 410 P.3d 875, 2018 WL 852202, at *2 (App. Feb. 28, 2018) (SDO) (holding it was harmless error where district court failed to advise defendant that no adverse inference could be drawn if defendant did not testify, and defendant chose not to testify).

(1b)  Joo relies on <u>State v. Jenkins</u>, No. CAAP-16-0000120, 144 Hawaiʻi 383, 442 P.3d 446, 2019 WL 2223535, at *2 (App. May 23, 2019) (mem.), to assert that the District Court erred in not questioning him about his state of mind and whether his mind was clear.  <u>Jenkins</u> is distinguishable because the colloquy in <u>Jenkins</u> was essentially one long advisement by the trial court, with a single response from the defendant.  Further, although there is reference in <u>Jenkins</u> about a failure to inquire into the defendant's state of mind, there is no citation to any authority mandating such an inquiry.  Further, although Joo also states that inquiring into his state of mind was particularly important because he was utilizing an interpreter during the trial, citing <u>State v. Krstoth</u>, 138 Hawaiʻi 268, 378 P.3d 984 (2016), <u>Krstoth</u> does not require an inquiry into a defendant's state of mind during a colloquy.  Unlike in <u>Han</u>, 130 Hawaiʻi at 90-93, 306 P.3d at 135-38, which also involved a defendant utilizing an interpreter, the District Court's colloquy here advised Joo of the required <u>Tachibana</u> rights and principles, and inquired if he understood his rights at multiple points during the colloquy.  Further, Joo does not point to anything in the record that would alert the District Court that he was not of a proper state of mind during the proceedings.  <u>Cf.</u> <u>State v. Kirby</u>, No. CAAP-16-0000869, 142 Hawaiʻi 464, 420 P.3d 994, 2018 WL 3134523, at *2-3, (App. June 27, 2018) (SDO).

Given the record in this case, we do not find merit in this argument.

(1c)  Joo's final challenge to the colloquy is where the District Court stated: "All right.  It is the understanding of the Court that you do not intend to testify in this case.  Is that correct?"  We disagree with Joo's claim that this was an improper leading question.  Rather, it is consistent with Celestine, in which the Hawai‘i Supreme Court stated "[t]he second time we suggested a verbal exchange should occur is after the court indicates to the defendant its understanding that the defendant does not intend to testify[,]" 142 Hawai‘i at 170, 415 P.3d at 912, and noted that "[t]he fact that the court is conducting the Tachibana colloquy with the defendant generally indicates that defense counsel has informed the court that the defendant does not intend to testify."  Id. at 170 n.12, 415 P.3d at 912 n.12.

Moreover, this part of the colloquy did not render the colloquy unclear, and in any event, the District Court immediately followed-up by asking, "And that's your decision?" to which Joo answered, "Yes."

Under the totality of the circumstances, Joo knowingly, intelligently, and voluntarily waived his right to testify.  The District Court advised Joo of the required Tachibana advisements, and Joo affirmed that he understood each advisement on-the-record -- that he had the right to testify, no one could prevent him from testifying, if he testified the prosecution could cross-examine him, he had the right not to testify, and the decision not to testify could not be held against him in deciding his case.  Joo affirmed that he did not intend to testify and that it was his decision.

Given the record, we reject Joo's challenge to the Tachibana colloquy in this case.

(2)  When the evidence adduced at trial is considered in the light strongest for the prosecution, there was substantial evidence to convict Joo of OVUII.  State v. Matavale, 115 Hawai‘i

149, 157-58, 166 P.3d 322, 330-31 (2007) (citations omitted). While in his vehicle stopped at a red light at the intersection of Lunalilo and Pensacola Streets, which are public ways, streets, roads, or highways in the City and County of Honolulu, State of Hawaiʻi, Joo tossed a cigarette butt out of the window and accelerated at a high rate of speed to the next intersection when the light turned green.  After Joo was stopped, Officer Mitchell Cadina (**Officer Cadina**) noticed Joo had red, watery, and glassy eyes and an odor of an alcoholic beverage on his breath. Joo was also trying to stay away from Officer Cadina by leaning away from him while speaking.

Corporal Ernest Chang (**Corporal Chang**) testified that he observed Joo to have red, glassy eyes, and further that he could smell an odor of an alcoholic beverage from Joo when Joo exited his vehicle and as they walked to a parking lot area.  Joo had agreed to participate in a field sobriety test.  During the walk-and-turn test, Corporal Chang observed that Joo lost his balance and stepped out of position during the instructional phase.  Further, during the initial nine steps, Joo missed a heel-to-toe on the fourth step by one or two inches, his arms were held out during the entire test, he took ten steps instead of nine, and during the nine steps back he missed a heel-to-toe on the third step by one or two inches, all contrary to the instructions.

During the one-leg stand test, Corporal Chang observed that Joo was swaying left to right the entire time and that he held his arms out about 18 to 20 inches, hopped, and his left foot touched the ground, which was contrary to the instructions.

There was substantial evidence that Joo was under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty while operating or assuming actual physical control of a vehicle on a public way, street, road, or highway.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on May 7,

2019, in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED:  Honolulu, Hawaiʻi, March 31, 2021.


On the briefs:                          /s/ Lisa M. Ginoza
                                        Chief Judge
Samuel P. King, Jr.,
for Defendant-Appellant.                /s/ Keith K. Hiraoka
                                        Associate Judge
Loren J. Thomas,
Deputy Prosecuting Attorney,            /s/ Karen T. Nakasone
for Plaintiff-Appellee.                 Associate Judge